[No. 3,849.]

## ALEXANDER BLANC v. PETER R. RODGERS, MARGARET RODGERS AND THE HIBERNIA SAVINGS AND LOAN SOCIETY.

EFFECT OF PARDON BY THE GOVERNOR.—A document signed by the Governor, in which, under the provisions of the Act approved March 7, 1868, he, on account of the good conduct of a person confined in the State's prison under sentence for a crime, releases him from imprisonment before the expiration of his term, and restores him to the rights of citizenship, does not remove the disability to testify, annexed by law, to a conviction for a felony.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The case was thus: The defendant, Margaret Rodgers, on the 11th day of March, 1872, to secure her note to the plaintiff for one thousand dollars, executed to him a mortgage on a lot in San Francisco. On the 14th day of May, 1867, the defendant Margaret, and her husband, defendant P. R. Rodgers, mortgaged the same property to the defendant, the Hibernia Savings and Loan Society. Before the execution of the mortgage to the plaintiff, Mrs. Rodgers was divorced from her husband. In the decree of divorce nothing was said about the lot. Defendant P. R. Rodgers was, on the 3d day of October, 1871, sentenced to the State's prison for eighteen months, on a conviction for the crime of assault to murder. On the 23d day of February, 1872, the Governor signed the document mentioned in the opinion. The Act under which it was issued directs credits to be given to prisoners for good conduct, and the number of

days of credit to be deducted from the term of imprisonment. The marriage took place in 1865, and the lot was purchased after the marriage, and deeded to the defendant Margaret. The complaint alleged that it was purchased with the separate property of said Margaret, which she had at the time of her marriage. This action was commenced May 3, 1872, to foreclose both mortgages.

The defendant Margaret having testified that the lot was purchased with her own separate property, the defendant P. R. offered himself as a witness on the issue made as to whether it was her separate property. The plaintiff objected to his being allowed to testify, and produced the record of his conviction, whereupon he produced the document signed by the Governor, of which the following is a copy:

"State of California, Executive Department. Whereas, at the September term, A. D. 1871, of the Municipal Criminal Court, held in and for the county of San Francisco, in said State, P. R. Rodgers was tried and convicted of the crime of assault to murder, and sentenced to undergo an imprisonment in the State Prison for the term of one and a half years. And whereas, the conduct of said P. R. Rodgers in the State Prison during his confinement therein has been such as to entitled him, under the provisions of an Act to amend an Act entitled an Act to confer further power upon the Governor of this State in relation to the pardon of criminals, approved April 4, 1864, approved March 30, 1868, to have twenty-five days deducted from the term for which he was sentenced, as aforesaid, as appears by the report of the Board of State Prison Directors, on file in this Department, dated the 19th day of February, 1872.

"Now, therefore, by virtue of the authority conferred upon me, by an Act amendatory of an Act entitled an Act to confer further powers upon the Governor of this State in relation to the pardon of criminals, approved April 4, 1864, approved March 7, 1868; I, Newton Booth, hereby order the Warden of the State Prison to release the said P. R. Rodgers, on the 9th day of March, 1872; and I further order that upon said 9th day of March, 1872, the said P. R. Rodgers be restored to all the rights and privileges of

citizenship, to which he was entitled before the aforesaid conviction and imprisonment.

"Witness my hand, at office, in the City of Sacramento, California, this 23d day of February, in the year of our Lord, one thousand eight hundred and seventy-two.

NEWTON BOOTH, Governor."

The Court refused to allow the defendant P. R. to testify. The plaintiff recovered judgment and the defendant P. R. appealed.

*George W. Tyler*, for the Appellant.

*D. T. Sullivan*, for the Respondent.

By the Court, RHODES, J.:

It is alleged in the complaint that the mortgaged premises are the separate property of Margaret Rodgers, and upon this averment issue was taken. The Court found that all the allegations of the complaint were true, and this finding not being questioned in the motion for a new trial, it is unnecessary to consider any of the alleged errors in law specified in the statement, except those bearing upon the question of ownership of the premises; for if they are the separate property of Margaret Rodgers, the appellant, P. R. Rodgers, has no interest in resisting the foreclosure of the mortgage. The only specifications which have any bearing on that question, are the last three; and they relate to the exclusion of the testimony of P. R. Rodgers on the ground that he had been convicted of a felony and sentenced to the State Prison.

After the record of his conviction and sentence was introduced in evidence, he introduced a document, signed by the Governor, purporting to have been executed in accordance with the Act of March 7, 1868, (Stats. 1867–8, p. 111,) by which, on account of good conduct of P. R. Rodgers during his imprisonment, etc., the warden of the State Prison was ordered to release him upon a day therein named; and it was further ordered that on that day he be

" restored to all the rights and privileges of citizenship to which he was entitled before the aforesaid conviction and imprisonment." The character and effect of a similar executive document was considered by this Court in *People* v. *Bowen*, (43 Cal. 439,) and it was there held that it did not amount to a pardon, and consequently did not remove the disability to testify annexed by law to a conviction for a felony. Upon the authority of that case, we hold that the Court did not err in refusing to permit P. R. Rodgers to testify.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.